*11 By the Court,
Bronson, J.
The writ of certiorari, when issued for the purpose of enabling this court to exercise its supervisory power over inferior tribunals, removes , nothing but the record—or other entry in the nature of a record—■ of the proceedings in the court below; and if the return contains any thing more, it cannot be regarded. The record is examined to see whether the subordinate tribunal has kept within the limits of its jurisdiction; but we cannot look beyond it for the purpose of a review on the merits. Such is the settled doctrine of this court, and it disposes of several of the questions which have been made by the relators. The return in this case contains nothing in the nature of a record, beyond the ordinance for constructing the sewer, the estimate and assessment made by the persons appointed for that purpose, and the confirmation of the assessment by the common council. Those are the only documents upon which any questions can properly be made.
Most, if not all, of the objections urged against these proceedings admit of a satisfactory answer; but I shall not give them a particular examination, for the' reason that I think the certiorari ought not to have been issued; and that, should some of the points be found to be well taken, it is the writ, and not the proceedings, which ought to be quashed.
The powers exercised by the common council of the city of New-York are for the most part either legislative, executive or ministerial; and a certiorari only lies to infe-' rior courts and officers who exercise judicial powers. If it were not for a few modern cases, I should be of opinion that we have no authority to supervise in this way the acts, ordinances and proceedings of the corporation of the city of New-York, or, indeed, of any other corporation, public or private. I have searched in vain for a precedent for such a course in the land of the common law; and the first case I have met with any where in which a certiorari was awarded to a corporation for the purpose of reviewing its proceedings, is that of Le Roy v. The Mayor, &c. of *12 N. Y. (20 John. R. 430;) and there, the grounds on which the writ usually issues, rather than the inquiry whether it would lie to a corporation, was the question discussed at. the bar and considered by the court. (See also Parks v. The Mayor, &c. of Boston, 8 Pick. 218.) All our city, and many of our village corporations have been vested with very large powers within their respective limits; and if a'certiorari will lie to remove into this court an ordinance for constructing a sewer, it is difficult to see where we can stop short of reviewing all their acts in the same way, which looks to me like a great stretch of jurisdiction.
But if a certiorari will lie, it does not follow that it should he awarded in every case where the relator may have some ground for complaint. The allowance of the Avrit rests in the sound discretion of the court, and it has often been denied where the power to issue it was unquestionable, and where there was apparent error in the proceedings to be reviewed. And if it has been improperly awarded, it is not too late to correct the error after a return and hearing on the merits. (The People v. Supervisors of Allegany, 15 Wendell, 198. And see The People v. Supervisors of Queens, 1 Hill, 195, 200.) There are, I think, few, if any, cases Avhere an ordinance or assessment for constructing a common setver, or making any other city improvement, should be removed into this court by certiorari. ' It is better that persons having cause for complaint should be left to such .redress as they may have by action. The case falls within the principle of those which have' just been cited; and in the first of those cases a cer tiorari Avhich had been issued to remove an assessment fo county charges was quashed after a return and a hearing ot the merits; and there, too, the relator had no other remedy. Great public inconvenience must necessarily ensue if Ave a-tempt in this Avay to review assessments for city improvement-. which are not unfrequently as extensive in their- influence a assessments for county taxes.
The principal objections which have been urged against these proceedings are, 1. That the ordinance for construct *13 ing the sewer is void, because it does not appear affirmatively that the ayes and noes were called on taking the vote upon it in the two boards; 2. That the order confirming the assessment is void for the same reason; 3. That the confirmation could only be made by the whole corporation assembled in one body, and not by the common council in two boards, as organized under the act of 1830; and 4. That no confirmation appears—there being no ordinance or. resolution for that purpose, but only an extract from the minutes of the common council. Now, without considering what answers there may be to these objections, they seem to prove too much for this form of remedy. If the points are well taken, there has been no ordinance for constructing the sewer, nor has the assessment ever been confirmed,‘and there is nothing to be reached by the certiorari. If the relators have suffered under color of proceedings which never had any legal existence, their remedy is by action. All the other questions which arise upon the record—and we cannot look beyond it—may, for aught I see, be as well tried in some other form, as in that which the relators have selected, and we shall do them no harm by withholding this extraordinary remedy. I must not be understood as intimating that a certiorari should be allowed whenever the question can be reached in no other form. There may be many cases where the public inconvenience which would be likely to result from this mode of review, would greatly outweigh the importance of correcting some legal, though, perhaps, not very grievous error in the proceedings.
The relators in this case have taken no objection which is not equally applicable to all the other persons who have been taxed, and the whole assessment must stand or fall together. It is also important to notice that the ordinance for making the improvement was passed, the work done, and the assessment made and confirmed more than three _ years before the certiorari was sued out. The time for bringing a writ of error from a final judgment is limited by law to two years; and I think a case can rarely happen *14 where it would be proper to allow a certiorari after the lapse of a longer period. This is a sufficient ground for quashing the writ, aside from other considerations tending to the same result.
Certiorari- quashed.(a)

 Another case, The People ex rel. Merriam et al,, was decided at this term, in which the certiorari removed the proceedings of the common council of the city of New-York in relation to the re-grading and re-paving of Chapel-street.
Per Curiam, Bronson, J. The case depends on the same principle with that in relation to the sewer in Chapel-street, and the same result should follow.
Certiorari quashed.